been repealed by a subsequent statute, no question would arise as to the power of the government to proceed with it. See Revised Statutes, § 13 (1 USCA § 29). But such is not the status of the instant case. The National Prohibition Act constituted an exercise of police power on the part of Congress which was founded entirely upon the Eighteenth Amendment. That amendment being repealed without saving clause, the entire subject-matter of the instant indictment has been taken away from the jurisdiction of the United States; and without jurisdiction over such subject-matter, this court is without power to impose a sentence.

We, therefore, are required to sustain the demurrer to the indictment interposed by the defendant.

## UNITED STATES v. OLIVER.
### No. 9212.

District Court, W. D. Pennsylvania.
Dec. 14, 1933.

Horatio S. Dumbauld, U. S. Atty., of Pittsburgh, Pa.

Joseph A. Rossi and Max V. Schoonmaker, both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

To the indictment charging violations of the National Prohibition Law (27 USCA § 1 et seq.) the defendant has demurred. The basis of the demurrer is found in the allegation that the repeal of the Eighteenth Amendment rendered the National Prohibition Act inoperative and without constitutional foundation, and that all prosecutions under the act were without lawful authority.

Were the present case a prosecution begun during the existence of a statute which had